[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10559

_____

REVIVAL CHIROPRACTIC LLC,
on behalf of Jazmine Padin,
on behalf of Natalie Rivera,

Plaintiff-Appellee-
Cross-Appellant,

*versus*

ALLSTATE INSURANCE COMPANY,
ALLSTATE PROPERTY AND CASUALTY INSURANCE
COMPANY,

Defendants-Appellants-
Cross-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-00445-PGB-LRH

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and BRASHER,
Circuit Judges.

PER CURIAM:

This putative class action appeal turns on an important question about Florida's personal injury protection statute. Florida law requires an automotive insurance policy to pay 80% of all "reasonable expenses" for medical services. Fla. Stat. § 627.736(1)(a). If the insurer provides proper notice, it may limit payment to 80% of a schedule of maximum charges provided in the statute. *Id.* § 627.736(5)(a)1, (5)(a)5. The statute also provides that, if "a provider submits a charge for an amount less than the amount allowed under [the schedule of charges], the insurer may pay the amount of the charge submitted." Fla. Stat. § 627.736(5)(a)5.

The dispositive question in this appeal is whether an insurer that has given notice that it will limit payments according to the statutory schedule of maximum charges may nonetheless pay 80% of the charge submitted as a reasonable expense. This question allegedly affects thousands of Florida insurance policies. Two Florida intermediate appellate courts have answered it in the negative, but

the Supreme Court of Florida recently issued an opinion that calls their answer into substantial doubt. The upshot is that there are presently scores of lawsuits pending in the Florida state courts on this question, and they have led to different results.

Both parties in this appeal moved us to certify this question to the Supreme Court of Florida as the "ultimate expositor[ ]" of Florida law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). After careful consideration and with the benefit of oral argument, we agree with the parties and certify the question to the Supreme Court of Florida.

## BACKGROUND

Allstate Insurance Company issued two separate auto insurance policies to Natalie Rivera and Jazmine Padin. In those policies, Allstate gave notice that it would limit payments according to the statutory schedule in Section 627.736(5)(a)1: "Allstate will pay . . . eighty percent of reasonable expenses . . . . [T]he amount we will pay for such expenses shall . . . be limited to eighty percent of the . . . schedule of maximum charges . . . ." The policies also stated that, "[i]f a provider submits a charge for an amount less than the amount determined by the fee schedule . . . we will pay eighty percent of the charge that was submitted."

Padin and Rivera were both involved in car accidents, and they sought treatment from Revival. They also assigned to Revival any rights and benefits that they had under their respective policies.

After rendering services to these insureds, Revival submitted a charge of $100. The services corresponded to a maximum charge of $149.92 under the statutory schedule. So 80% of the maximum charge under the schedule was $119.94, which was higher than the submitted charge. *See* Fla. Stat. § 627.736(5)(a)1. Because the charge of $100 was less than $119.94, the statute expressly allowed Allstate to pay the amount billed. *Id.* § 627.736(5)(a)5. Instead of paying the scheduled amount or amount billed, Allstate chose to pay 80% of the amount billed—$80.

Revival also submitted a charge of $75 for a service corresponding to a maximum charge of $81.70 under the schedule. Again, instead of paying 80% of the maximum charge under the schedule ($65.36) or the amount billed ($75), Allstate paid 80% of the amount billed ($60).

Neither Padin nor Rivera paid the remaining 20% of the charges submitted to Allstate.

Revival filed a putative class action against Allstate in Florida state court, seeking a judgment "[d]eclaring that [Allstate] violated Florida law by paying only 80% of the charges submitted where the charges submitted were for less than the amounts allowed" under Section 627.736(5)(a)1.

Allstate removed the case to the Middle District of Florida, and both parties moved for summary judgment. In its motion, Allstate argued that it complied with its own policies by paying 80% of the amounts billed, and that those policies conformed to the

statute. It argued that Section 627.736(1)(a) sets forth an "overarching requirement" that insurers must pay only 80% of reasonable medical expenses. It also argued that Section 627.736(5)(a)5's provision that an "insurer may pay the amount of the charge submitted" is permissive—not mandatory—in nature. So it asserted that it was not obligated to pay the full amount billed under the statute.

For its part, Revival argued that Section 627.736(5)(a)1 provides a distinct method for insurers to satisfy the 80% payment requirement by limiting payments according to the statutory schedule. And it argued that, because Allstate provided notice of its intent to use that schedule, it "must adhere to that payment methodology." It further argued that, when a provider submits a charge that is less than the amount allowed under the schedule, an insurer using the schedule has only two options: to pay 80% of the schedule or to pay the total amount billed. So, Revival argued, Allstate's policies conflicted with Florida law because they allowed it to pay only 80% of the amount billed

The district court granted summary judgment to Revival and denied it to Allstate. It agreed with Revival that, "when the Schedule is elected through proper notice and a provider submits a Lesser Charge, the PIP statute only provides the insurer with two options for payment." That is, it "may pay 80 percent of the amount allowed under the Schedule, or if it is less, the full amount of the charge submitted."

Allstate appealed.[1] Both parties later moved to certify the substantive question interpreting the statute to the Supreme Court of Florida.

## DISCUSSION

This Court "should certify questions to the state supreme court when [it has] substantial doubt regarding the status of state law." *Whiteside v. GEICO Indem. Co.*, 977 F.3d 1014, 1018 (11th Cir. 2020) (quoting *Peoples Gas Sys. v. Posen Constr., Inc.*, 931 F.3d 1337, 1340 (11th Cir. 2019)). Doing so helps "to avoid making unnecessary *Erie* 'guesses' and . . . offer[s] the state court the opportunity to interpret or change existing law." *Id.* (quoting *CSX Transp., Inc. v. City of Garden City*, 325 F.3d 1236, 1239 (11th Cir. 2003)). For its part, the Supreme Court of Florida accepts certification of determinative questions under Florida law when "there are no clear controlling precedents" on the matter. Fla. Stat. § 25.031.

Here, we face a situation where there are no clear controlling precedents from the Supreme Court of Florida on a dispositive issue of Florida law. Two Florida appellate courts have held that, when an insurer gives notice that it will reimburse according to the scheduled rates, it must either pay 80% of the applicable fee schedule or 100% of the bill. *Hands On Chiropractic PL a/a/o Justin*

---

[1] Revival cross-appealed the denial of its motion for class certification. We will address that procedural issue, if necessary, after the Supreme Court of Florida answers the dispositive substantive question of whether Allstate's payments were lawful.

*Wick v. GEICO Gen. Ins. Co.*, 327 So. 3d 439, 441–44 (Fla. Dist. Ct. App. 2021); *Geico Indem. Co. v. Muransky Chiropractic P.A.*, 323 So. 3d 742, 744 (Fla. Dist. Ct. App. 2021). That is, these courts have held that the statute creates a floor that an insurance company cannot go below: the lower of 80% of the schedule or 100% of the charge. But a recent decision from the Supreme Court of Florida calls those authorities into question; it reasons that the statute creates a ceiling, not a floor, on an insurer's obligations.

We begin with the Florida intermediate appellate courts. In *Geico Indemnity Co. v. Muransky Chiropractic P.A.,* as here, a provider billed an insurer for an amount less than 80% of the schedule of maximum charges, but the insurer paid only 80% of the amount billed. 323 So. 3d at 744. The Fourth District Court of Appeal rejected the insurer's argument that Section 627.736 mandates 20% coinsurance for all charges billed. *Id.* at 747. It instead held that, "if the billed amounts are less than 80% of the fee schedule, the insurer may pay the billed amounts in full or pay the 80% reimbursement rate of maximum charges." *Id.* We note that, in reaching this conclusion, the court cited favorably to the district court's decision in this case. *Id.*

The Fifth District Court of Appeal held similarly in *Hands on Chiropractic PL a/a/o Justin Wick v. GEICO Gen. Ins. Co.* Again, the insurer in that case paid only 80% of the amount billed, even though it had chosen to limit reimbursements according to the scheduled rates. 327 So. 3d at 441–42. The court held that this payment violated the statute. *Id.* at 442–43. It explained that, when

an insurer chooses to reimburse according to the scheduled rates, "[i]t must either pay the amount allowed based on the applicable fee schedule . . . or, if the billed amount is less than the amount allowed, it is to be paid in full. . . . [T]he statute does not permit the insurer to then discount that billed amount further." *Id.* at 443–44.

If we were limited to these precedents from the Fourth and Fifth District Courts of Appeal, Florida law would not be in substantial doubt. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011). But the Supreme Court of Florida recently undermined—but did not directly repudiate—their reasoning in *MRI Associates of Tampa, Inc. v. State Farm Mutual Automobile Insurance Co.*, 334 So. 3d 577 (Fla. 2021). There, the Supreme Court of Florida held that an insurer could simultaneously use the "reasonable charge" method for calculating reimbursements and also elect the "schedule of maximum charges" limitation. *Id.* at 583–585. As in this case, the insurance policy in *MRI Associates* said that the insurer would "limit payment . . . to 80% of a . . . reasonable charge, but in no event [would it] pay more than 80% of the . . . 'schedule of maximum charges.'" *Id.* at 581 (emphasis omitted). The Supreme Court of Florida held that the insurer's policy conformed to Section 627.736. *Id.* at 585. It reasoned "that reimbursement limitations based on the schedule of maximum charges [must] be understood . . . simply as an optional method of capping reimbursements rather than an exclusive method for determining reimbursement rates." *Id.* at 584–85 (emphasis omitted).

Put differently, the Supreme Court of Florida explained that the schedule "establishes a ceiling but not a floor." *Id.* at 585.

As of this writing, none of Florida's intermediate appellate courts have conclusively addressed the tension between *MRI Associates* and *Muransky/Wick*. The Third District Court of Appeal has noted the possibility that *MRI Associates* abrogated the Fifth District Court of Appeal's precedent. *See Progressive Am. Ins. Co. v. Columna Inc.,* --- So. 3d ----, No. 3D21-286, 2022 WL 852297, at *1 (Fla. Dist. Ct. App. Mar. 23, 2022)(reversing and remanding summary judgment). But the Fifth District Court of Appeal has continued following its holding from *Wick* without reference to *MRI Associates. See Geico Indem. Co. v. Affinity Healthcare Ctr. at Waterford Lakes, PL,* --- So. 3d ----, No. 5D21-184, 2022 WL 879277, at *1 (Fla. Dist. Ct. App. Mar. 25, 2022). For their part, state trial courts have reached different conclusions about the issue with some following the on-point opinions in the intermediate appellate courts and others following the reasoning of *MRI Associates.*

## CONCLUSION

Considering this substantial uncertainty, principles of federalism and comity counsel us not to attempt to divine the answer to this challenging question ourselves. *See In re Cassell,* 688 F.3d 1291, 1300 (11th Cir. 2012). Accordingly, we certify the following question to the Supreme Court of Florida:

> When a personal injury protection insurance policy provides notice that it will limit payment pursuant to the statutory schedule of maximum charges, may an

insurer pay 80% of the charge submitted, even when
the charge submitted is less than 80% of the statutory
schedule of maximum charges?

Of course, our statement of the question certified does not "limit
the inquiry" of the Supreme Court of Florida or restrict its consid-
eration of the issues that it perceives are raised by the record certi-
fied in this case. *Cassell*, 688 F.3d at 1301 (internal quotation marks
omitted). The entire record on appeal in this case, including copies
of the parties' briefs, is transmitted along with this certification.

**QUESTION CERTIFIED.**